LAND, J.
Defendants were prosecuted by information for horse stealing, and were in due course tried, found guilty, and sentenced to the State Penitentiary for the term of three years.
The defendants appealed, and, for the reversal of the verdict and sentence, rely on a single hill of exception — to the refusal of the court to charge that under the information the defendants might be found “guilty of stealing a ride.”
It might he well said that there is no such criminal offense, the statute making it a misdemeanor to “unlawfully or maliciously take and ride [any horse] the property of another, without the consent of the owner.” Act No. 30, p. 38, of 1892.
But,-waiving this objection, the refusal of the judge to charge as requested was justi *957 fied by our ruling in State v. Fruge, 106 La. 694, 31 South. 323, where we held that the charge of horse stealing, under section 814 of the Revised Statutes of 1870, does not include the offense of “horse riding,” denounced by Act No. 30, p. 38, of 1892.
The latter offense is a mere unlawful or malicious trespass committed on the horse, mide, or ox of another. It does not fall within the definition of an attempt to steal, which, however, is not a statutory offense in this state.
The crime of horse stealing, under our statutes, includes no lesser offense.
We assume that the judge charged the jury that it was necessary for the state to prove the felonious intent, and we cannot assume that the jury convicted the defendants, or either of them, on evidence which failed to prove the essential criminal intent, especially as the trial judge sanctioned the verdict by overruling defendants’ motion for a new trial.
If, as suggested in brief of counsel for defendants, they or either of them have been convicted on insufficient evidence, we are powerless to relieve them, and their remedy is by appeal to the executive department of the government.
It is therefore ordered that the verdict and sentence appealed from be affirmed.